CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 02 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERRANCE HENDERSON, ) | |
| Plaintiff, ) | Civil Action No. 7:07cv00266 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| COMMONWEALTH OF ) | By: Hon. Glen E. Conrad |
| VIRGINIA, et al., ) | United States District Judge |
| Defendants. ) | |

This case is presently before the court on plaintiff's "motion for protection of plaintiff" [docket number 30], which the court construes as a motion for preliminary injunction.[1] Plaintiff seeks an order directing "that he be transferred to an institution where he can feel safe and secure" and that ordering defendants "to use the handheld video camera anytime [sic] any Red Onion State Prison staff removes the plaintiff from his [sic] and escorts the plaintiff to his cell or any other destination." For the reasons that follow, the court will deny plaintiff's motion.

A district court should issue preliminary injunctive relief only sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether the public interest lies with granting the relief. Wetzel v. Edwards, 635 F.2d 283 (4th Cir. 1980) (citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977)). Functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the

---

[1] Plaintiff, an inmate at Red Onion State Prison ("ROSP"), asserts that, since filing the above-referenced action pursuant to 42 U.S.C. § 1983 against several ROSP officials, "several of the defendants and their co-workers have threatened to cause physical harm to the plaintiff if he does not drop his lawsuit. . . ."

management of prisons only under exceptional and compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted).

The court finds that plaintiff has not alleged facts indicating that he will suffer irreparable harm in the absence of interlocutory injunctive relief. Nor has plaintiff established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief. Plaintiff alleges no facts in support of his claims of threats "to cause physical harm" or indicating that any alleged threats[2] on the part of officers at ROSP have been, could be, or would be carried out. Accordingly, the harm plaintiff alleges is speculative, and speculative harm is not irreparable harm warranting injunctive relief. Plaintiff's allegations do not satisfy the "balance of hardships" test. Thus, plaintiff's request for injunctive relief will be denied.[3]

---

[2] Plaintiff has been advised that "[m]ere threats and catcalls do not state a claim of constitutional significance." Civil Action No. 7:06-cv-00408, slip op. at 10 n. 10 (W.D. Va. September 21, 2007). The constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). A guard's verbal harassment or idle threats to an inmate, even if they cause an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. See Collins v. Cundy, 603 F.2d 825, 828 (10th Cir. 1979) (holding that the Sheriff's actions in laughing at and threatening to hang the plaintiff were not sufficient to show the deprivation of a constitutional right); Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989); Lamar v. Steele, 698 F.2d 1286 (5th Cir. 1983) ("Threats alone are not enough. A section 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation"). The law is clear that mere "threatening language and gestures of [a] penal officer do not, even if true, constitute constitutional violations." Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973).

[3] Insofar as plaintiff's request for injunctive relief could be construed as including a request for a temporary restraining order, such orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Rule 65(b), Federal Rules of Civil Procedure. Such an order would last only until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that plaintiff is not entitled to a preliminary injunction,
(continued...)

Case 7:07-cv-00266-GEC-mfu   Document 33   Filed 11/02/07   Page 2 of 3   Pageid#: 478

The Clerk is directed to send a copy of this memorandum opinion and accompanying order to plaintiff and to all counsel of record for the defendants.

ENTER: This 2d day of ~~October~~ NOVEMBER, 2007.

/s/ Judge
United States District Judge

---

[3] (...continued)
the court finds no basis upon which to grant him a temporary restraining order.