CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 2 6 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TERRANCE HENDERSON, ) | | |
| Plaintiff, ) | Civil Action No. 7:07cv00266 | |
| ) | | |
| v. ) | MEMORANDUM OPINION | |
| ) | | |
| COMMONWEALTH OF ) | By: Hon. Glen E. Conrad | |
| VIRGINIA, et al., ) | United States District Judge | |
| Defendants. ) | | |

This case is presently before the court on plaintiff's "motion for access to law library" [docket number 36], which the court construes as a motion for preliminary injunction. Plaintiff seeks an order reinstating his law library privileges.[1] For the reasons that follow, the court will deny plaintiff's motion.

A district court should issue preliminary injunctive relief only sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether the public interest lies with granting the relief. Wetzel v. Edwards, 635 F.2d 283 (4th Cir. 1980) (citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977)). Functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Without a showing that

---

[1] Plaintiff states that his law library privileges have been suspended "due to false claims that the plaintiff has not returned previously borrowed items to the law library."

plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted).

The court finds that plaintiff has not alleged facts indicating that he will suffer irreparable harm in the absence of interlocutory injunctive relief. Nor has plaintiff established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief.[2] Plaintiff's allegations do not satisfy the "balance of hardships" test. Thus, plaintiff's request for injunctive relief will be denied.[3]

The Clerk is directed to send a copy of this memorandum opinion and accompanying order to plaintiff and to all counsel of record for the defendants.

ENTER: This ____ day of December, 2007.

_____
United States District Judge

---

[2] Reasonable access by prisoners to both state and federal courts is a guaranteed right. Ex parte Hull, 312 U.S. 456 (1941); see Procunier v. Martinez, 416 U.S. 396 (1974). States must affirmatively provide inmates with either law libraries or persons trained in law to prosecute habeas and civil rights claims. See Bounds v. Smith, 430 U.S. 817, 828 (1977). In other words, access to a law library is required only in the absence of legal assistance. Additionally, to state a claim of a violation of this right, a prisoner must show some interference with his right or some deficiency in the legal resources available to him, as well as evidence of actual injury or specific harm related to litigation. Lewis v. Casey, 518 U.S. 343, 351 (1996). Plaintiff alleges that he has been denied access to a law library; however, he has failed to allege any facts which suggest that this alleged denial has caused him any actual injury or specific harm.

[3] Insofar as plaintiff's request for injunctive relief could be construed as including a request for a temporary restraining order, such orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Rule 65(b), Federal Rules of Civil Procedure. Such an order would last only until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that plaintiff is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.