CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JAN 2 3 2008

JOHN F. CORCORAN, CLERK
BY: /s/
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERRANCE HENDERSON, ) | |
|     Plaintiff, ) | Civil Action No. 7:07-cv-00266 |
| ) | |
| v. ) | **FINAL ORDER** |
| ) | |
| COMMONWEALTH OF ) | |
| VIRGINIA, et al., ) | By: Hon. Glen E. Conrad |
|     Defendants. ) | United States District Judge |

In accordance with the Memorandum Opinion entered this day, it is hereby

**ADJUDGED AND ORDERED**

as follows:

1. defendants' motion for summary judgment (docket number 25) is **DENIED** as to plaintiff's claim that Warden Ray violated plaintiff's First Amendment rights by refusing him a commercially distributed photograph;

2. defendants' motion for summary judgment (docket number 25) is **GRANTED** as to plaintiff's claim that officers retaliated against him by filing false disciplinary reports against him on at least two occasions, with the result that he was placed on the finger foods diet and/or diet loaf, both of which were nutritionally inadequate and caused him physical injury and pain;

3. defendants' motion for summary judgment (docket number 25) is **GRANTED** as to plaintiff's claim that Officers Garrett and Hamilton used excessive force against him on December 19, 2006;

4. defendants' motion for summary judgment (docket number 25) is **GRANTED** as to plaintiff's claim that defendants K. McCoy, Tate, and Ray used excessive force against him when they placed him in ambulatory restraints and kept him in a cold cell for nine hours without bedding or clothing;

5. defendants' motion for summary judgment (docket number 25) is **GRANTED** as to plaintiff's claim that defendant S. Mullins fabricated an Incident Report concerning the ambulatory restraints

incident;

6. defendants' motion for summary judgment (docket number 25) is **GRANTED** as to plaintiff's claim that Hearing Officer L. Mullins convicted him of a charge of aggravated assault upon a non-inmate without due process;

7. defendants' motion for summary judgment (docket number 25) is **GRANTED** as to plaintiff's claim that he was denied due process during the disciplinary hearing that was the result of allegations against him that on October 7, 2005, he squirted feces on two officers;

8. defendants' motion for summary judgment (docket number 25) is **GRANTED** as to plaintiff's claim that he was wrongly removed from the Common Fare diet and placed on diet loaf due to false allegations made by defendant McCowan, and that the diet loaf caused him injury and emotional distress;

9. defendants' motion for summary judgment (docket number 25) is **GRANTED** as to plaintiff's claim that ROSP inmates are arbitrarily and capriciously being denied the opportunity to purchase commissary items;

10. defendant Smith's motion to dismiss (docket number 18) is **GRANTED** as to plaintiff's claims that ROSP medical staff were deliberately indifferent to his serious medical needs subsequent to his placement on the diet loaf;

11. defendant Yates' motion to dismiss (docket number 19) is **GRANTED** as to plaintiff's claims that ROSP medical staff were deliberately indifferent to his serious medical needs subsequent to his placement on the diet loaf;

12. defendant Bowens' motion to dismiss (docket number 20) is **GRANTED** as to plaintiff's claims that ROSP medical staff were deliberately indifferent to his serious medical needs subsequent to his placement on the diet loaf;

13. plaintiff's motion to compel (docket number 39) and any other pending motions are hereby

**DENIED as MOOT**; and

14. to the extent that any of plaintiff's claims can be construed as a cause of action under state law, the court will take such claims **UNDER ADVISEMENT** at this time.

This case is **REFERRED** to United States Magistrate Judge Michael F. Urbanski for an evidentiary hearing on plaintiff's First Amendment claim. The Magistrate Judge shall submit to the court a report setting forth proposed findings of fact, conclusions of law, and a recommended disposition of this case, pursuant to 28 U.S.C. § 636(b)(1)(B). This order augments, not supersedes, this court's Standing Order of Reference, entered May 26, 2006, for prisoner Civil Rights cases and petitions for writs of Habeas Corpus.

The Clerk is directed to send copies of this Order and accompanying Memorandum Opinion to plaintiff and to all counsel of record for defendants.

**ENTER**: This 23rd day of January, 2008

/s/ 
United States District Judge